UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. WHEELER, | ) | Case No. 3:08-CV-01678 |
| | ) | |
| Petitioner, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| JESSE WILLIAMS, Warden, | ) | (resolving ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

On March 21, 2006, Petitioner, Michael Wheeler, entered a plea in the Lucas County Court of Common Pleas, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[1] to one count each of Aggravated Vehicular Homicide, and Failure to Stop After Accident. (Docket #8, Exhibit 3). Mr. Wheeler was sentenced to eight years of imprisonment for the aggravated vehicular homicide conviction, and four years of imprisonment for the failure to stop conviction.  (Docket #8, Exhibit 4).  On March 21, 2006,  Mr. Wheeler appealed his conviction to the Ohio Sixth District Court of Appeals and his conviction was affirmed on November 30, 2007. (Docket #8, Exhibit 7)  On appeal, Mr. Wheeler argued that: (1) his sentence should be reversed or modified because it was contrary to law and not supported by the records; i.e., it "was not consistent with sentences imposed for similar crimes committed by similar offenders"; (2) the two offenses for which he was convicted were allied offenses of similar import; and (3) the trial court erred when it made findings pursuant

---

[1]  An  "Alford plea" is a "guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, 'is unwilling or unable to admit' that he committed 'acts constituting the crime.'"   *U.S. v. Tunning*, 69 F.3d 107, 110, *quoting* Alford, 400 U.S. at 37.

2

to O.R.C. 2929.14(C) in violation of *State v. Foster*, 109 Ohio St.3d 1 (2006). (Docket #8, Exhibit 5).

Mr. Wheeler sought leave to appeal his conviction to the Ohio Supreme Court.  (Docket #8, Exhibit 8).  In his memorandum in support of jurisdiction, Mr. Wheeler asserted the same errors he alleged before the Ohio Sixth District Court of Appeals.  (Docket #8, Exhibit 9).  The Supreme Court of Ohio denied Mr. Wheeler leave to appeal on May 7, 2008, "as not involving any substantial constitutional question." (Docket #8, Exhibit 10).

On July 2, 2008, Mr. Wheeler filed a Motion for Delayed Reopening of Direct Appeal pursuant to Ohio App.R. 26(A), alleging ineffective assistance of appellate counsel.  (Docket #8, Exhibit 11).  On July 16, 2008, the appellate court denied Mr. Wheeler's motion for failure to establish good cause for his untimely filing.  (Docket #8, Exhibit 12).  Mr. Wheeler appealed the July 16, 2008 decision to the Ohio Supreme Court.  This appeal was also dismissed "as not involving any substantial constitutional question" on December 3, 2008.  (Docket #8, Exhibits 13, 14).  Mr. Larry filed the instant petition on July 11, 2008, [2] under 28 U.S.C. §2254, and presents two grounds for relief. [3]

_____

[2] On October 10, 2008, Mr. Wheeler filed a motion seeking a stay of his habeas corpus petition pending resolution of his appeal from the appellate court's July 16, 2008 order. (Docket #5). Respondent opposed the stay (Docket #6) and the undersigned denied Mr. Wheeler's motion on March 25, 2009. (Docket #9).

[3] On September 11, 2008, after filing his habeas petition on July 11, 2008, Mr. Wheeler filed a "Motion to Void Judgment of Conviction" with the trial court. (Docket #8, Exhibit 15).  The State moved to dismiss the motion.  (*See* Docket #8, Exhibit 16).  On December 17, 2008, the trial court denied Mr. Wheeler's motion and granted the State's motion to dismiss.  (*See* Lucas County Court of Common  Pleas Docket). The issue raised in Mr. Wheeler's motion does not relate to the stated grounds for relief on habeas corpus.

3

**Ground for Relief No. 1**: [The] State Court denied Petitioner Due Process of Law when it imposed sentences upon him contrary to law. The trial court erred and denied Defendant Due Process of Law resulting in a violation of the Defendant's right to be free of illegal searchs [sic] and seizures under the Fourth Amendment. (Docket #1 at 5).

**Ground for Relief No. 2**: [The] Trial Court erred when it sentenced Petitioner to two offenses consecutively that were allied offenses of similar import.  (Docket #1 at 7).

Respondent answered opposing the petition (Docket #8), and Mr. Wheeler did not file a traverse.

## I.     *FACTUAL BACKGROUND*

The facts that formed the basis of Mr. Wheeler's conviction were set forth in *State v. Wheeler,* 2007 WL 4216974, at ¶¶2-3 (Ohio App. 6 Dist.) ("State Court Decision").

On October 4, 2004, appellant was driving his gray and silver GMC pickup truck southbound on Wilkins Road in Swanton, Lucas County, Ohio. Appellant drove his vehicle over the center line and struck the motorcycle of Bobbie Domoe, who was driving northbound on Wilkins Road. As a result of the accident, Domoe was thrown from his motorcycle, suffered severe head injuries, and died. Appellant, who was driving under a suspended license and has an extensive history involving traffic offenses including a number of DUIs, did not stop at the scene of the collision. He subsequently abandoned his truck, which sustained severe damage to the right front tire, at a nearby bar, where he called his wife, who came and picked him up. Appellant later reported that his truck was stolen. He and his wife claimed that appellant was out-of-town when the fatal collision occurred.

Evidence gathered by the Ohio State Highway Patrol later proved that appellant was driving his truck at the time of the fatal accident.

## II.    *LAW AND ANALYSIS*

For purposes of Federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which  extends the  permissible range of Federal review of state convictions follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

4

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim  - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally-granted powers for review under 28 U.S.C. §2254(d). See *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000)*; Bell v. Cone*, 535 U.S. 685 (2002). The habeas applicant must show either that the state decision was "contrary to" or an "unreasonable application" of Supreme Court precedent.   The phrases "contrary to" and "unreasonable application" are not the same.   Under the "contrary to" standard of review, the state court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Williams*, 529 U.S. at 405-06; *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003).  Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ. *Id.*  The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538 U.S. at 71-72; *Williams*, 529 U.S. at 412; *Bell*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  This includes both the

5

state court's refusal to extend and/or its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts.  See *Williams*, 529 U.S. at 407.   The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable.  *Id.* at 409; *Wiggins,* 539 U.S. at 520-21.  When the state court has rendered a decision, the federal reviewing court  may not grant the writ in its "independent review of the legal question."  *Lockyer*, 538 U.S. at 75.  When there has been an "unreasonable application" of clearly established federal law, then no deference is due to the state decision and the federal court is free to resolve the claim independently.

1.    First Ground for Relief

In support of his first ground for relief, Mr. Wheeler states that he "was given the maximum sentence of eight years for Agravated [sic] [v]ehicle [sic] [h]omicide with an additional four years for failing to stop after [the] accident with the eight years being mandatory sentence to serve and both sentences to be served consecutive."  (Docket #1 at 5-6).

Respondent states that Mr. Wheeler's first ground "must be dismissed for failure to state a ground for relief." (Docket #8 at 7).  Respondent states that Mr. Wheeler's petition fails to comply with Habeas Corpus Rule 2(c), which "requires that the petition both 'specify all grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" (Docket #8 at 7, *citing* U.S.C.A. §2254, Rule 2(c) of the Rules Governing Section 2254 Cases).  Respondent maintains that Mr. Wheeler's first ground "simply states that his sentence violates his right to due process and is contrary to law" without identifying "the alleged Constitutional violation."  (*Id.* at 8).

6

In the alternative, Respondent argues that Mr. Wheeler's first ground is barred by procedural default.  Respondent maintains that Mr. Wheeler only argued that his sentence violated state law to the state courts and did not make a constitutional claim.  (*Id*. at 9-12).

The undersigned finds Respondent's latter argument persuasive. [4]

"A petitioner seeking a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court." *Murphy v. Ohio*, 552 F.3d 485, 501 (6th Cir. 2009), citing *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006). "A federal court will not review claims that were not entertained by the state court due to either the petitioner's failure to raise those claims in the state courts while state remedies were available <u>or</u> the petitioner's failure to comply with a state procedural rule, thereby preventing the state courts from reaching the merits of the claims." (Emphasis added).  *Murphy*, 552 F.3d at 501, citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). In order to satisfy the exhaustion requirement, the petitioner must present the claim "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.

---

[4] The undersigned agrees that Mr. Wheeler's first ground for relief is somewhat vague, but disagrees that Mr. Wheeler's petition should be dismissed because he failed to comply with Habeas Corpus Rule 2(c).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted, §2243,' or the petition instead should be summarily dismissed without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 645 (2005), *quoting* Habeas Corpus Rule 4, at 2569-70.  Moreover, this judicial circuit gives liberal construction to a pro se plaintiff's vague and conclusory allegations. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).  Based on the foregoing, and the fact that Respondent has already answered the petition, Mr. Wheeler's claim should not be dismissed for failure to satisfy Habeas Corpus Rule 2(c).

1998); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681, *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir.1984).

To "fairly present" a federal constitutional claim to a state court, a  petitioner must give the highest court in the state a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  "A petitioner can take four actions in its brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law."  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), *quoting Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

If a petitioner has no remaining state remedies but has failed to present all claims to the highest state court in a federal constitutional context, then petitioner's state remedies are exhausted, but petitioner has procedurally defaulted the claims. *See Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir.1995).

However, "a petitioner can overcome the procedural default by either 'demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008), *quoting Coleman v. Thompson*, 501 U.S. 722,  750 (1991).  "'Cause' for default requires a showing that 'some objective factor external

8

to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Jells*, 538 F.3d at 488, *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "'Prejudice' requires a showing that the errors at trial 'worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  *Jells*, 538 F.3d at 488, *quoting United States v. Frady*, 456 U.S. 152, 170 (1982).  "Additionally, under the miscarriage-of-justice exception, the Court may consider an otherwise defaulted claim if it concludes that the petitioner has shown that the 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Jells*, 538 F.3d at 489, *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995), *quoting Murray*, 477 U.S. at 496.

Mr. Wheeler's first and third assignments of error to the state appellate court argue that his sentence was not proper because: (1) it was not consistent with sentences imposed upon similar offenders who committed similar crimes in contravention of O.R.C. §2929.11(B); and (2) that the trial court made inappropriate findings to justify the sentence imposed, in violation of *State v. Foster*, 109 Ohio St.3d 1 (2006).  Mr. Wheeler made no constitutional claims to the state appellate court, and did not rely upon any federal analysis or case law, even under the most liberal construction. [5] *See, Franklin*, *supra; Clinksdale*, *supra.*  The State Court Decision determined that Mr. Wheeler's first assignment of error was without merit because "a comparison of similar cases was not mandated under R.C. 2929.11(B)," and because Mr. Wheeler forfeited his *Foster* challenge by failing to raise it at sentencing and there was no plain error.   Mr. Wheeler's claim on habeas corpus is that his sentence violated his due process rights because he was given the maximum

---

[5] Even if the undersigned were to determine that Mr. Wheeler's argument based on *State v. Foster* indirectly presents a Federal Constitutional issue to the state court, Mr. Wheeler has not made any arguments related to *Foster* on habeas corpus.

9

sentence and because he had a Fourteenth Amendment right to be free from illegal searches and seizures, [6] arguments never made in state court.

Accordingly, Mr. Wheeler has failed to exhaust his state remedies and because no state procedures for relief remain available to him for this ground, he has procedurally defaulted.  *See Simpson* and *Hannah*, *supra.  See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48,

(1999)(considering "[w]hether a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has properly presented his claims to the state courts and concluding that because the answer is 'no,' the petitioner has procedurally defaulted his claims."); *Teague v. Lane*, 489 U.S. 288, 297-99 (1989) (stating that a 14th Amendment equal protection claim is forfeited following exhaustion of state remedies and failure to raise claim to state courts).

Mr. Wheeler's petition does not attempt to demonstrate cause and prejudice or actual innocence.  Mr. Wheeler did not file a traverse.

Based on the foregoing, it is the recommended that Mr. Wheeler's first ground for relief be dismissed due to procedural default.

    2.    <u>Second Ground for Relief</u>

In support of his second ground for relief, Mr. Wheeler states, "[p]etitioner was sentenced to an eight year prison term[,] [o]rdered to be served mandatory and consecutive to a four year term for failure to stop at accident[,] which was contrary to law as offenses were allied offenses of similar import and contrary to [s]tatutory [s]entencing provisions."  (Docket #1 at 7).

---

[6] Mr. Wheeler's petition does not cite any facts to support his search and seizure argument and no such argument was made to the state court(2).

10

Respondent argues that Mr. Wheeler's second grounds do not represent a cognizable habeas corpus claim.  Respondent maintains that the Ohio legislature intended for each crime to be punished separately and Ohio courts have concluded that aggravated vehicular homicide and failure to stop after an accident are not allied offenses of similar import.  (Docket #8 at 12-17).

In deciding this issue on appeal, the state appellate court stated:

> To be an allied offense of similar import, a court determines whether the elements of each offense correspond in such a way that the commission of one offense automatically results in the commission of the other. *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291. If the elements correspond with each other, the offenses are allied offenses of similar import, and the defendant may only be convicted of and sentenced for both offenses if he committed the crimes separately or with a separate animus. *Id*. at 638-639, citing R.C. 2941.25(B) and *State v. Jones* (1997), 78 Ohio St.3d 12, 14.

> R.C. 2903.06(A)(2)(a) reads, in relevant part: No person, while operating * * * a motor vehicle * * * shall cause the death of another * * * in any of the following ways * * * recklessly ." R.C. 4549.02 provides, as pertinent to this cause:

> > (A) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision. * * *. In the event [an] injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the accident or collision

until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.

" * * *

(B) Whoever violates division (A) of this section is guilty of failure to stop after an accident, a misdemeanor of the first degree. If the violation results in serious physical harm to a person, failure to stop after an accident is a felony of the fifth degree. If the violation results in the death of a person, failure to stop after an accident is a felony of the third degree.

As can be readily ascertained, R.C. 2903.06(A)(2)(a) applies only to collisions or accidents wherein the driver operated his motor vehicle recklessly, and, in so doing, caused the death of another. For the statute to apply, the operator of the motor vehicle is not required to remain at the scene of the collision. In comparison, R.C. 4549.02 requires the drivers involved in a collision to remain at the scene until all necessary information, as set forth in the statute, is obtained, either by the persons involved or by the police. Driving recklessly and, thereby, causing another's death is not a element of this offense. We, therefore, conclude that the elements of aggravated vehicular homicide and failing to stop at the scene of an accident or collision do not correspond. Thus, they are not allied offenses of a similar import. Consequently, appellant's Assignment of Error B is found not well-taken.

(State Court Decision at ¶¶14-19).

Mr. Wheeler's petition does not state how the State Court Decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254.  The State Court Decision does not directly reference federal law.  However, Mr. Wheeler's second ground for relief is not subject to procedural default because Mr. Wheeler made the same argument to both the state court and on habeas corpus.  Further, in determining that the two offenses at issue were not allied offenses, the state appellate court considered the rule set forth in the Ohio Supreme Court case of *State v. Rance,* 85 Ohio St.3d 632, which considered double

jeopardy issues related to cumulative punishments vis-a-vis the Fifth Amendment.  Thus, Mr.
Wheeler's second assignment of error to the state appellate court relied upon a state case that
employed Federal Constitutional analysis.  Nevertheless, Mr. Wheeler's second ground for relief
is not cognizable on habeas corpus.

It has long been the rule that if a state "legislature permits multiple punishments, a court can
impose such punishments; if a legislature prohibits multiple punishments, a court cannot impose
such punishments without running afoul of the federal prohibition against double jeopardy." *Palmer
v. Haviland*, 273 Fed.Appx. 480, 484 (6th Cir. 2008).  To determine whether a legislature intended
to permit multiple punishments, a court's only role is to discern "'whether the legislature intended
to punish cumulatively the same conduct which violates two statutes.'" *Carter v. Carter*, 59
Fed.Appx. 104, 107 (6th Cir. 2003), *quoting United States v. Johnson*, 22 F.3d 106, 107-08 (6th Cir.
1994). Acknowledging that the test for statutory construction set forth in *Rance* is valid Ohio law,
the Sixth Circuit determined that,  "[f]or the purposes of double jeopardy analysis, once a state court
has determined that the state legislature intended cumulative punishments, a federal habeas court
must defer to that determination."  *Palmer*, 273 Fed. Appx. 480, *quoting Banner v. Davis*, 886 F.2d
777, 780 (6th Cir. 1989).

The State Court Decision makes clear that the State of Ohio legislature intended cumulative
punishments for aggravated vehicular homicide and failure to stop and its analysis is sound. [7] (State
Court Decision at ¶19).  *See also State v. Kozar,* 1986 WL 2351 (Ohio App. 8 Dist.) (holding that

---

[7] The  state court correctly determined that aggravated vehicular homicide requires the
defendant to have driven recklessly and cause a death; the defendant need not remain at the scene.
To be guilty of failure to stop, any driver involved in a collision must remain at the scene to obtain
all required information.  A driver need not have driven recklessly or caused a death to be guilty of
failure to stop.  Each crime contains an element that the other does not.

13

aggravated vehicular homicide in violation of R.C. 2903.06, and leaving the scene of an accident, in violation of Cleveland  Codified Ordinance 435.15), are not allied offenses of similar import under the *Rance* test). Accordingly, this Court must  defer to that determination and find that Mr. Wheeler's second ground for relief is not cognizable in habeas corpus.  *See Banner*, *supra*.

### III.     *CONCLUSION AND RECOMMENDATION*

Based on the foregoing, it is recommended that the petition be dismissed with prejudice due to Mr. Wheeler's procedural default  and failure to raise a constitutional claim cognizable in federal collateral review.

                                        /s/James S. Gallas

                                United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    July 17, 2009