**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. WHEELER,** | ) | **CASE NO.3:08CV1678** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **JESSE WILLIAMS, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Michael J. Wheeler's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. On March 21, 2006, Petitioner entered a plea of guilty in the Lucas County Court of Common Pleas to one count each of Aggravated Vehicular

1

Homicide and Failure to Stop After Accident. Petitioner was sentenced to eight years of imprisonment for the Aggravated Vehicular Homicide conviction, and four years of imprisonment for the Failure to Stop conviction, to run consecutively. On March 21, 2006, Petitioner appealed his conviction to the Ohio Sixth District Court of Appeals and his conviction was affirmed on November 30, 2007. Petitioner sought leave to appeal his conviction to the Ohio Supreme Court. The Supreme Court of Ohio denied Petitioner's leave to appeal on May 7, 2008.

On July 2, 2008, Petitioner filed a Motion for Delayed Reopening of Direct Appeal pursuant to Ohio App.R. 26(A). On July 16, 2008, the appellate court denied Petitioner's Motion. Petitioner appealed the July 16, 2008 decision to the Ohio Supreme Court. This appeal was also dismissed. On July 11, 2008, Petitioner, *pro se*, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, asserting the following claims:

> **GROUND ONE**: State court denied petitioner due process of law when it imposed sentences upon him contrary to law.
> **Supporting Facts**: Petitioner was given the maximum sentence of eight years for aggravated vehicle homicide with an additional four years for failing to stop after accident with the eight years being mandatory sentence to serve and both sentences to be served consecutive.
> (Petitioner's own words)
>
> **GROUND TWO**: Trial court erred when it sentenced petitioner to two offenses consecutively that were allied offenses of similar import.
> **Supporting Facts**: Petitioner was sentenced to an eight year prison term ordered to be served mandatory and consecutive to a four year term for failure to stop at accident which was contrary to law as offenses were allied offenses of similar import and contrary to statutory sentencing provisions.
> (Petitioner's own words)

On August 26, 2008, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on July 17, 2009. On August 20, 2009, Petitioner filed his Objections to the Report and Recommendation after being granted an extension of time to do so.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C.

§ 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's first ground for relief is procedurally defaulted. "A petitioner seeking a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court." *Murphy v. Ohio*, 552 F.3d 485, 501 (6th Cir. 2009), citing *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006). "A federal court will not review claims that were not entertained by the state court due to either the petitioner's failure to raise those claims in the state courts while state remedies were available or

the petitioner's failure to comply with a state procedural rule, thereby preventing the state courts from reaching the merits of the claims." *Murphy*, 552 F.3d at 501, citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

The Respondent correctly points out that prior to seeking a Writ of Habeas Corpus from a federal court, a petitioner must first exhaust all remedies available to him at the state court level. The Magistrate Judge determined that Petitioner made no constitutional claims to the state appellate court. General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans v. Brigano*, 228 F.3d at 681, citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir.1984). To "fairly present" a federal constitutional claim to a state court, a petitioner must give the highest court in the state a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's first and third assignments of error to the state appellate court argue that his sentence was not proper because: (1) it was not consistent with sentences imposed upon similar offenders who committed similar crimes, in contravention of O.R.C. §2929.11(B); and (2) that the trial court made inappropriate findings to justify the sentence imposed, in violation of *State v. Foster*, 109 Ohio St.3d 1 (2006). Petitioner's claim on habeas corpus is that his sentence violated his due process rights because he was given the maximum sentence, and because he had a Fourteenth Amendment right to be free from illegal searches and seizures, arguments that were never made in state court.

This Court agrees with the Magistrate Judge's determination that even if the argument made by Petitioner based on *State v. Foster* indirectly presented a federal constitutional issue to the state court, Petitioner has not made any arguments related to *Foster* on habeas corpus. In his Objections to the Magistrate Judge's Report and

4

Recommendation, Petitioner asserts that it is unreasonable to suggest that the issue was not constitutional in nature. However, as the Magistrate Judge points out, Petitioner made no constitutional claims to the state appellate court, and did not rely upon any federal analysis or case law, even under the most liberal construction. Therefore, the Court finds Petitioner failed to present his claim of a constitutional violation to the state courts as alleged in his first ground for relief. Petitioner no longer has an avenue of relief open to him in state court. He has procedurally defaulted any argument in habeas regarding the imposition of a maximum and consecutive sentence. Ground one is dismissed.

In ground two of his petition, Petitioner alleges that Aggravated Vehicular Homicide and Failure to Stop After an Accident are allied offenses of a similar import, and the court erred in sentencing him for both crimes. The Magistrate Judge correctly points out that in deciding this issue on appeal, the state appellate court stated: "To be an allied offense of similar import, a court determines whether the elements of each offense correspond in such a way that the commission of one offense automatically results in the commission of the other." *State v. Rance*, 85 Ohio St.3d 632 (1999). If the elements correspond with each other, the offenses are allied offenses of similar import, and the defendant may only be convicted of and sentenced for both offenses if he committed the crimes separately or with a separate animus. Id. at 638-639, citing R.C. 2941.25(B) and *State v. Jones* (1997), 78 Ohio St.3d 12, 14.

In determining that the two offenses at issue were not allied offenses, the state appellate court considered the rule set forth in the Ohio Supreme Court case of *Rance*, and ultimately determined that there is no overlap of the elements of Aggravated Vehicular Homicide and Failure to Stop After an Accident. The two are not allied offenses. Acknowledging that the test for statutory construction set forth in *Rance* is

5

valid Ohio law, the Sixth Circuit determined that, "[f]or the purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Palmer v. Haviland*, 273 Fed. Appx. 480,484 (6th Cir. 2008) quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

The Court finds Petitioner has failed to show how the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. Petitioner's claim that a state court improperly construed state law is not a proper issue for a federal habeas court, and therefore, ground two is dismissed.

For the foregoing reasons, the Court **Adopts** and **Accepts** the Magistrate Judge's well-reasoned Report and Recommendation.  Petitioner's Petition under 28 U.S.C.§2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:8/31/2009

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge